UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

FRANKLIN WHITE,

                Defendant.

REPORT, RECOMMENDATION AND ORDER

23-CR-00120(LJV)(JJM)

---

      Defendant Franklin White is charged in a ten-count Indictment [1][1] with various controlled substances and firearms offenses. The charges against White arise in part from evidence seized pursuant a search warrant that I signed on November 7, 2020 for 11267 Old Lakeshore Road in Irving, New York.

      Before the court are White's pretrial motions for discovery (Stachowski Declaration [16], §II) and to suppress the evidence seized from the November 10, 2023 search of 11267 Old Lakeshore Road and the post-arrest statements that he made following that search (id. at §I),[2] as well as the government's cross-motion for reciprocal discovery (Government's Response [17], §X), which have been referred to me by District Judge Lawrence J. Vilardo for initial consideration [3]. Having considered the parties' submissions [16, 17], and heard argument on January 19, 2024 [20], the government's cross-motion is granted and White's

---

[1]  Bracketed references are to CM/ECF docket entries, and page references are to the CM/ECF pagination.

[2]  Since White's counsel identified these as the only portions of the pretrial motion remaining in dispute, I consider the remaining portions of the motion to be resolved.

motion for discovery is denied, without prejudice to renewal. I also recommend that White's motions for suppression be denied.

## DISCUSSION

A.      **White's Motions**

    1.      **Suppression of Evidence**

The government opposes White's motion to suppress the evidence seized from the search of 11267 Old Lake Shore Road on several grounds. As a threshold issue, it argues that White has failed to establish standing to contest the search. *See* Government's Response [17], §I(a). I agree.

It is well settled that "[a] defendant seeking to suppress evidence must demonstrate by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched", United States v. Marshall, 2012 WL 5511645, *1 (W.D.N.Y.), adopted, 2012 WL 5948782 (W.D.N.Y. 2012), and that this burden is "met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge". United States v. Montoya-Eschevarria, 892 F. Supp. 104, 106 (S.D.N.Y. 1995). *See also* United States v. White, 2018 WL 4103490, *8 (S.D.N.Y. 2018) ("[t]his Circuit has routinely rejected efforts by defendants to establish Fourth Amendment standing based on the Government's allegations or evidence"); United States v. Ruth, 65 F.3d 599, 605 (7th Cir. 1995) (the defendant could not carry his burden "simply by relying on the facts cited in the Federal Affidavit for a search warrant and testimony by [a DEA agent] at one of the hearings on the motion to suppress").

Consistent with this requirement, each of the three Scheduling Orders that I entered in this case cautioned White that "[a]ny motion to suppress statements or physical evidence must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied". *See* Scheduling Order [7], ¶2; Amended Scheduling Order [13], ¶1; Second Amended Scheduling Order [15], ¶1. This requirement, which appears in all of my Scheduling Orders, is not new to White's counsel (*see, e.g.,* United States v. Brooks, 2023 WL 5511516, *2 (W.D.N.Y.), adopted, 2023 WL 5510580 (W.D.N.Y. 2023); United States v. Robbins, 2022 WL 16748586, *1 (W.D.N.Y.), adopted, 2022 WL 16745492 (W.D.N.Y. 2022)), or to anyone practicing in this District.

Notwithstanding this clear and well settled requirement, White failed to submit an affidavit or declaration with his suppression motion. His attorney's statement that White "possessed a reasonable expectation of privacy" (Stachowski Declaration [16], ¶7) in the residence "is insufficient to create an issue of fact requiring an evidentiary hearing". United States v. Militello, 2013 WL 6498961, *2 (W.D.N.Y. 2013).

Without permission or excuse, White filed an Affidavit of standing on January 24, 2024 [21], five days after the oral argument and more than a month after the pretrial motion deadline. Fed. R. Crim. P. ("Rule") 47(d) requires the moving party to "serve any supporting affidavit *with the motion*" (emphasis added), not at a later date. To excuse White's failure would only cause further delay in this case, which would undermine the public's interest in a speedy trial. *See* Zedner v. United States, 547 U.S. 489, 501-02 (2006).

In any event, even if White had timely established his standing to contest the search, I agree with the government that the search warrant was supported by probable cause and

that law enforcement otherwise acted with good faith reliance upon the warrant. See Government's Response [17], §§I(b) and (c).

The search warrant for 11267 Old Lake Shore Road was supported by the November 7, 2020 Affidavit of Michael Stempki, a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA") [17-1]. TFO Stempki's Affidavit relied on a series of controlled purchases made by two confidential sources from White at the residence, which were verified through surveillance and surreptitious recordings, as well as Title III interceptions of White's cellular telephone. Stempki Affidavit [17-1], ¶¶10-34.

White contends that the "informants furnished false information that the DEA relied upon", and that warrant did not sufficiently set forth the informants' reliability. Stachowski Declaration [16], ¶¶8-9. Neither argument is persuasive. "[A]s long as the applicant for the warrant accurately represents the information provided by an informant, probable cause is not defeated because the informant erred, or even lied, in his description of events". United States v. Smith, 9 F.3d 1007, 1014 (2d Cir. 1993). While White contests the reliability of the confidential sources, "[a]n informant's participation in supervised drug purchases is powerful corroborative evidence for purposes of determining probable cause", particularly here where the controlled purchases were monitored and recorded. United States v. Wagner, 989 F.2d 69, 73 (2d Cir. 1993). See also Smith, 9 F.3d at 1013 ("[i]t is certainly not fatal that [law enforcement] did not personally witness the cocaine purchases underlying the warrant, but instead relied on what the [confidential informant] told him about the purchases").

Next, White argues that the warrant "was granted without probable cause". Stachowski Declaration [16], ¶12. "A search warrant issued by an impartial magistrate is presumptively valid", United States v. Gerace, 2020 WL 4227990, *3 (W.D.N.Y), adopted, 2020

WL 4227374 (W.D.N.Y. 2020), and "doubts should be resolved in favor of upholding the warrant". United States v. Travisano, 724 F.2d 341, 345 (2d Cir. 1983).  White's conclusory argument falls short of overcoming that presumption. *See* United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones"); United States v. Schohn, 2020 WL 888923, *7 (W.D.N.Y.), adopted, 2020 WL 888278 (W.D.N.Y. 2020). *See also* United States v. Fuentes, 2012 WL 4754736, *3 (W.D.N.Y.), adopted, 2012 WL 4754744 (W.D.N.Y. 2012) (considering arguments waived where they were "largely conclusory, boilerplate, undeveloped and bereft of any supporting case authority").

In any event, I agree with the government that even if probable cause was lacking, the evidence obtained from the search warrants would still be admissible under the good faith exception of United States v. Leon, 468 U.S. 897, 922-23 (1984). "When police act under a warrant that is invalid for lack of probable cause, the exclusionary rule does not apply if the police acted in objectively reasonable reliance on the subsequently invalidated search warrant." Herring v. United States, 555 U.S. 135, 142 (2009).

"The burden is on the government to demonstrate the objective reasonableness of the officers' good faith reliance on an invalidated warrant." United States v. Clark, 638 F.3d 89, 100 (2d Cir. 2011). There are "four circumstances where an exception to the exclusionary rule would not apply: (1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable." Id.

The warrant here was not so facially deficient or so lacking in probable cause that reliance upon it would have been objectively unreasonable. Nor is there anything before me to suggest that I was misled in any fashion or that I abandoned my judicial role.

Finally, White argues that the search "went beyond the scope of the search warrant" (Stachowski Declaration [16], ¶13), but he fails to identify even a single item that was seized outside of the scope of the warrant. Under these circumstances, I find no basis to suppress any item of evidence, much less all of the evidence seized. *See* United States v. Orefice, 1999 WL 349701, *8 (S.D.N.Y. 1999) ("the defendant's application to have all evidence from the search suppressed is contrary to law. Absent a finding that the FBI agents executing the search operated in 'flagrant disregard' of the terms of the warrant, the only remedy to which defendant would be entitled is suppression of the evidence that falls outside of the scope of the warrant. There is no evidence of this degree of disregard"). Therefore, I recommend that this motion be denied.

2. **Suppression of Statements**

White seeks to suppress his post-arrest statements to law enforcement. The only argument that White makes in support of that relief is that he was subjected to "prolonged detention" before appearing before a magistrate judge. Stachowski Declaration [16], ¶7. However, these arguments are not supported by any affidavit (or declaration) from White or anyone else with personal knowledge. Nothing in White's belated Affidavit [21] addresses his motion to suppress statements.

"A defendant seeking . . . suppression . . . is not automatically entitled to an evidentiary hearing on the claim, but must make a preliminary showing of facts which, if proved

would require the granting of relief." United States v. Longo, 70 F. Supp. 2d 225, 248 (W.D.N.Y. 1999). "To meet that burden a defendant must, at a minimum, present his . . . claim through an affidavit of an individual with personal knowledge of the relevant facts." Id. "[A]n attorney's affidavit, absent personal knowledge is insufficient to justify a suppression hearing". United States v. Cook, 348 F. Supp. 2d 22, 28 (S.D.N.Y. 2004).

As discussed above, White's counsel is familiar with this requirement, which was expressly set forth in the three Scheduling Orders in this case. However, White failed to satisfy his burden of demonstrating an entitlement to suppression.

In any event, even if the vague claim that White was subjected to a "prolonged detention" came in an affidavit (or declaration) from White himself, standing alone, it would not demonstrate that his statements were involuntary or otherwise create an issue of fact requiring an evidentiary hearing. See United States v. Brown, 2013 WL 6568490, *2 (W.D.N.Y. 2013) ("[t]he defendant's assertions . . . amount to nothing more than 'airy generalities and conclusory assertions' that are 'insufficient to create a genuine issue of fact necessitating an evidentiary hearing'"). Therefore, I recommend that this motion be denied without a hearing.

### 3. Discovery

White moves for a variety of discovery pursuant to Rule 16. See Stachowski Declaration [16], §II. For the first time at oral argument White's counsel stated that he had not been able to open the disc containing the government's voluntary discovery that it had provided to him in November, and asked for an opportunity to renew this motion once he was able to review the contents of the disc. It is difficult to understand why this issue was not promptly

identified and resolved well in advance of the pretrial motion deadline. Nevertheless, White may renew his motion, if necessary, subject to a showing of "good cause" pursuant to Rule 12(c)(3).

**B.     The Government's Cross-Motion for Reciprocal Discovery**

The government cross-moves for the production of reciprocal discovery pursuant to Rule 16(b). *See* Government's Response [17], §X. "Rule 16 . . . imposes reciprocal discovery obligations on defendants." United States v. Smith, 985 F.Supp.2d 506, 522 (S.D.N.Y. 2013). White has not opposed this request. Therefore, it is granted.

The government also requests "advance disclosure of any statements [White] proposes to utilize at a trial of this matter" pursuant to Fed. R. Evid. 807. Government's Response [17], §X. Since White has also not opposed this request, it is granted.

## CONCLUSION

For these reasons, White's motion for discovery pursuant to Rule 16 (Stachowski Declaration [16], §II) is denied, without prejudice to renewal pursuant to Rule 12(c)(3), and the government's cross-motion for reciprocal discovery ([17], §X) is granted. I further recommend that White's motions to suppress evidence and statements (Stachowski Declaration [16], §I) be denied.

Unless otherwise ordered by District Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by February 20, 2024. Any requests for extension of this deadline must be made to District Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: February 5, 2024

                                                     /s/Jeremiah J. McCarthy
                                                     JEREMIAH J. MCCARTHY
                                                     United States Magistrate Judge